IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SABINA SANCHEZ,

    Plaintiff,                    No. CIV S-05-1988 GEB DAD P

    vs.

SHARON DENNY, et al.,

    Defendants.           ORDER

_____/

        Plaintiff, a Shasta County Jail inmate proceeding pro se, has filed a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's application to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 in installments when funds are available. See 28 U.S.C. §§ 1914(a) and 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1

account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against any governmental entity or any officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.

See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has sued Sharon Denny, identified as the Medical Program Manager, and Dr. Howley[1] on the grounds of medical indifference.  Plaintiff has also sued Sheriff Jim Pope and unnamed correctional officers.  The complaint contains no allegations against Sheriff Pope and the correctional officers, and plaintiff has not alleged that her rights were violated pursuant to an official county policy.  See Canton v. Harris, 489 U.S. 378, 389-90 (1989) (municipal liability permitted under § 1983 only where an official policy is the "moving force" behind the constitutional violation); City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) (unconstitutional policy cannot be proved by evidence of a single incident "unless proof of the incident includes proof that it was caused by an existing unconstitutional policy").  The court finds that plaintiff's claims against the sheriff and the correctional officers are legally and factually frivolous.  Plaintiff's complaint states cognizable claims for relief against defendants Denny and Howley pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If plaintiff's allegations are proven as to these defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 30, 2005 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Commander of the Shasta County Jail filed concurrently herewith.

---

[1] On the first page of the complaint, plaintiff lists "Dr. Howley."  On page two of the complaint, plaintiff lists "Dr. Holley."

3. Service of the complaint is appropriate for the following defendants: Sharon Denny and Dr. Howley.

4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet, and one copy of the complaint filed September 30, 2005.[2]

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Three true and exact copies of the endorsed complaint filed September 30, 2005.

6. Plaintiff shall not attempt service of complaint and summons on the defendants or request a waiver of service of summons from the defendants. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: October 4, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
sanc1988.1aj

---

[2] Plaintiff shall use the correct name for defendant Howley/Holley on the USM-285 form but shall make no correction or alteration to the complaint.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SABINA SANCHEZ,

      Plaintiff,                        No. CIV S-05-1988 GEB DAD P

    vs.

SHARON DENNY, et al.,            NOTICE OF SUBMISSION

      Defendants.               OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____      <u>one</u> completed summons form for both defendants;

      _____      <u>two</u> completed USM-285 forms; and

      _____      <u>three</u> true and exact copies of the complaint filed September 30, 2005.

DATED: _____.

                                                      _____
                                                      Plaintiff