IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SABINA SANCHEZ,

    Plaintiff,                    No. CIV S-05-1988 GEB DAD P

    vs.

SHARON DENNY, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a Shasta County Jail inmate proceeding pro se with a civil rights action. By order filed October 5, 2005, the court determined that plaintiff's complaint states cognizable claims against defendants Sharon Denny and Dr. Howley/Holley. The court found that plaintiff's complaint fails to state cognizable claims against defendant Jim Pope. The court ordered plaintiff to complete and return to the court, within thirty days, one summons, USM-285 forms for defendants Denny and Howley/Holley, and three true and exact copies of plaintiff's complaint. On October 24, 2005, plaintiff submitted a partially completed summons and USM-285 forms for defendants Denny and Pope. Plaintiff did not submit any copies of her complaint.

        Plaintiff is advised that she may dismiss her claims against defendant Howley or Holley by filing a notice of voluntary dismissal. Plaintiff may not proceed against defendant Pope unless she files an amended complaint that states a claim against this defendant.

1

1    In reviewing the documents submitted by plaintiff, the court noted that the two USM-285 forms and the Notice of Submission of Documents show plaintiff's name as Sabrina rather than Sabina.  The documents filed in this action on September 30, 2005, plainly show plaintiff's name as Sabina Sanchez.  Of particular concern is the fact that plaintiff's complaint and her in forma pauperis application are clearly signed "Sabina Sanchez," while the two USM-285 forms and Notice of Submission of Documents are clearly signed "Sabrina Sanchez."  The signatures on the USM-285 forms and Notice of Submission of Documents appear to be in a handwriting different from that of the signatures on the previously filed documents.

Plaintiff is cautioned that all documents submitted to the court by a party proceeding pro se must bear the party's own signature.  <u>See</u> Fed. R. Civ. P. 11.  The filing of documents bearing forged signatures may be a basis for sanctions, including dismissal of the action.  Plaintiff will be required to explain the discrepancies between the names and signatures on the documents filed September 30, 2005, and the names and signatures on the documents submitted October 24, 2005.  Upon receipt of plaintiff's explanation, the court will make such further orders as are appropriate.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall file, within fifteen days from the date of this order, a declaration signed under penalty of perjury in which she states her true name and explains the discrepancies between the names and signatures on the documents filed September 30, 2005, and those submitted on October 24, 2005.

DATED: November 3, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
sanc1988.sig